UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| NATHAN CANNON, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CAUSE NO. 3:16-CV-156-TLS |
| THE CITY OF SOUTH BEND, INDIANA, | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

The Plaintiff, Nathan Cannon, has sued the City of South Bend, Indiana, for race discrimination under Title VII. His claims are based on a failure to promote and retaliation. This matter is before the Court on the City of South Bend's Motion to Dismiss Amended Complaint of Nathan Cannon [ECF No. 14], and Brief in Support [ECF No. 15], the Plaintiff's Response in Opposition to Defendant's Motion to Dismiss Plaintiff's Amended Complaint [ECF No. 16], and Memorandum in Opposition [ECF No. 17], and the City of South Bend's Reply Brief in Support of its Motion to Dismiss Amended Complaint of Nathan Cannon [ECF No. 18].

**STANDARD OF REVIEW**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). Requirements for stating a claim under the federal pleading standards are straight forward. A pleading that states a claim for relief must set forth "a short and plain statement of the grounds for the court's jurisdiction . . . a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for relief sought." Fed. R. Civ. P.

8(a). In considering motions to dismiss for failure to state a claim, the court presumes all well-pleaded allegations to be true, views them in the light most favorable to the plaintiff, and accepts as true all reasonable inferences to be drawn from the allegations. *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995).

Additionally, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Although the court must accept as true all well-pleaded facts and draw all permissible inferences in the Plaintiff's favor, it need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). Legal conclusions can provide a complaint's framework, but unless well-pleaded factual allegations move the claims from conceivable to plausible, they are insufficient to state a claim. *Id.* at 680. A plaintiff can also plead himself out of court if he pleads facts that preclude relief. *See Atkins v. City of Chi.*, 631 F.3d 823, 832 (7th Cir. 2011); *Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007); *McCready v. Ebay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006).

**COMPLAINT ALLEGATIONS**

The Plaintiff is a Black/African-American male who works as a police officer with the South Bend Police Department. He has sued the City of South Bend as the entity that organizes and operates the Police Department. He alleges that the Defendant engaged in race

discrimination and retaliated against him for complaining of the discrimination, all in violation of Title VII of the Civil Rights Act of 1964.

According to the Plaintiff's Amended Complaint, the Defendant promotes non-minorities to higher graded positions and denies these promotions to qualified African-Americans. The Amended Complaint identifies some of the situations where he believes other individuals were impacted by this discriminatory practice. The Plaintiff is specifically suing over the promotion of three non-minority officers to day-shift lieutenant positions on May 21, 2014. The Defendant had issued a notice on February 7, 2014, to all Sergeants and Lieutenants in the South Bend Police Department seeking applicants for promotion or lateral transfer to the position of day-shift Lieutenant within the Detective Bureau. (Am. Compl. ¶ 25, ECF No. 10.) The opening had been created by the retirement of an African-American Lieutenant. The Plaintiff did not apply for the opening "because he knew that Lieutenant Marcus Wright, an African-American and a Lieutenant within the Detective Bureau, had applied for transfer from the afternoon-shift to fill the new opening." (*Id.* ¶ 26.) This meant that Lieutenant Wright would be selected because the Defendant had a "long-standing policy, custom, practice and formal procedure" of granting lateral transfers before promoting. (*Id.* ¶ 27.) Under this practice, the Defendant would then invite Sergeants seeking promotion to apply for the opening created by Lieutenant Wright's transfer. The Plaintiff intended to apply for that position when it was posted. (*Id.* ¶¶ 27, 28.) However, in this instance, the Defendant departed from its normal practice and did not grant the lateral transfer.

Additionally, the Defendant had only notified applicants of a single day-shift Lieutenant opening when there were actually three openings, which the Defendant filled with three non-

minorities. The Plaintiff alleges that, had the Defendant announced the two additional Lieutenant positions, he would have applied. (*Id.* ¶ 22 (alleging that the Defendant "only advertised one of the [three] positions, preventing Plaintiff and other minorities from interviewing and competing from the two promotions filled by non-minority officers").) One of the positions was for the leader of the Gang Violence Intervention Unit, which was never announced. (*Id.* ¶¶ 32, 34.) According to the Plaintiff, he was more qualified that the individuals who received the promotions.

The Plaintiff asserts that he was retaliated against for voicing his concerns about racism in the Police Department and for filing a Title VII claim against the City. Specifically, he was subjected to "undue scrutiny, unfair criticism and open ridicule" by Amy Bennett, a newly appointed non-minority Lieutenant. (*Id.* ¶ 38.) He alleges that the conduct was so severe and pervasive that it has altered the conditions of his employment and created a hostile work environment.

## ANALYSIS

According to the Plaintiff's Response in Opposition to Defendant's Motion to Dismiss, his Amended Complaint states a claim upon which relief can be granted because it

> sets forth facts detailing how the City promoted three non-minority employees from the rank of sergeant to the position of day-shift lieutenant in the detective bureau after opening the application process for only one single position. By failing to open to the application process for the additional two positions, the City prevented Plaintiff from applying for and competing for promotion to these newly created positions.

(Pl.'s Resp. 1, ECF No. 16.) The Plaintiff also maintains that his Amended Complaint "details a long history of racial discrimination and disparate treatment of minorities on the Police

4

Department" which "poses considerable collateral evidence of discrimination against [him]." (*Id.*)

The requirements for stating a discrimination claim are not burdensome. *See Swanson v. Citibank, N.A.*, 614 F.3d 400, 405 (7th Cir. 2010) (finding that the plaintiff's pleading was sufficient where it contained factual allegations identifying (1) who discriminated against her; (2) the type of discrimination that occurred; and (3) when the discrimination took place). The Defendant argues that the Plaintiff's allegations, nevertheless, suffer from a fatal flaw because he admits that he did not apply for the promotion. Additionally, there are no facts in the Amended Complaint to suggest that the City prevented or deterred him from applying.

Indeed, an employer cannot be faulted for failing to promote an employee who did not apply for the sought-after position, unless "the employer's discriminatory practices deterred plaintiff from applying." *Hudson v. Chi. Transit Auth.*, 375 F.3d 552, 558 (7th Cir. 2004). But the Plaintiff has alleged that he was prevented and deterred from applying. Contrary to what the Defendant argues, these are not the type of conclusions that this Court should disregard in consideration of a motion to dismiss. They are not legal conclusions, but factual assertions, which the Plaintiff expounds upon with an explanation of posting and transfer procedures and practices. Additionally, he alleges that only one of the three open positions was advertised. Thus, his complaint is not, as the Defendant asserts, "void of substantive allegations that the City of South Bend's conduct prevented him from applying." (Def.'s Reply 3, ECF No. 18.) The Plaintiff has provided "enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). Whether he will be able to ultimately prove the truth of those allegations, and whether they will support his claim

of discrimination is not before the Court. As required by Rule 8(a), the Plaintiff's Amended Complaint gives the Defendant fair notice of the discrimination claim against it and the grounds upon which it rests, and alleges facts that could result in relief under Title VII.

The Defendant also contends that the retaliation claim fails to state a claim upon which relief can be granted because his allegations regarding adverse action are conclusory, and none of the alleged facts suggest that Lieutenant Bennett was even aware of the Plaintiff's discrimination complaint. "[C]onclusory statements are not barred entirely from federal pleadings." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008). In other words, the Plaintiff is not required to plead all of the facts that would be required to support his claim at the summary judgment or trial stage. *See Twombly*, 550 U.S. at 570 (emphasizes that heightened fact pleading of specifics is not required). The Plaintiff's Amended Complaint contains more than abstract recitations of the elements of a cause of action or conclusory legal statements. His Amended Complaint gives the Defendant notice that a particular individual subjected him to "undue scrutiny and unfair criticism of his work" (Am. Compl. ¶ 47), as well as "open ridicule" (*id.* ¶ 38). The Plaintiff has provided sufficient factual content to allows the Court to draw the reasonable inference that the Defendant is liable for the misconduct alleged.

With respect to causation, the Plaintiff specifically alleges that he was singled out in response to voicing his concerns about racism. It is logically implied in this allegation that the Defendant was aware of his protected activity. The evidentiary proof on that matter is for another day.[1]

---

[1] The Defendant argues that the Plaintiff has effectively conceded that his retaliation claim warrants dismissal because he did not attempt to respond to the Defendant's arguments. The Court disagrees. The Defendant argued that the Plaintiff had not met the federal pleading requirements. The Plaintiff asserted in his Memorandum in Opposition that his Title VII claim was based, in part, on the

## CONCLUSION

For the reasons stated above, the Court DENIES the City of South Bend's Motion to Dismiss Amended Complaint of Nathan Cannon [ECF No. 14].

SO ORDERED on December 5, 2016.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION

---

Defendant's retaliation against him through increased surveillance, harassment, intimidation and ridicule that materially altered the conditions of his employment and resulted in a hostile work environment. He also argued that his Amended Complaint, as a whole, set forth sufficient facts and detail to give the Defendant fair notice of what the claim is and the grounds upon which it rests, and that those facts established a reasonable expectation that discovery will reveal additional facts supporting the Plaintiff's allegations. Thus, faced with the assertion that he had not met the federal pleading requirements, the Plaintiff responded with the legal standard. This is a straight forward Title VII retaliation claim, for which the Court did not need detailed analysis to decide whether or not it was plausible. The Court declines to dismiss the retaliation claim under the theory that the Plaintiff has conceded that it fails to state a claim.